**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEPHANIE GILMORE,

          Plaintiff,

  v.              1:19-CV-888
                    (TJM/CFH)
SARATOGA CENTER FOR CARE LLC;
DANIELLE ZASTAWNY,

         Defendants.

---

**APPEARANCES:**

Stephanie Gilmore
170 A Vandenburgh Place
Troy, New York 12180
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Stephanie Gilmore commenced this action on July 23, 2019, with the filing of a complaint and an application to proceed in forma pauperis ("IFP). Dkt. No. 1 ("Compl."), Dkt. Nos. 1-2. After reviewing plaintiff's application, the undersigned concludes that plaintiff may properly proceed IFP for purposes of filing.[1] The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

---

[1] Plaintiff should note that she will still be required to pay fees that she may incur in this action, including but not limited to, copying and/or witness fees.

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8 (a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make

2

clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own

3

initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## B.  Complaint

Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, for employment discrimination on the basis of her race or color; violations of section 740 of the New York State Labor Law, known as the New York State's Whistleblower Statute; and section 741, New York State's Heath Care Whistleblower Law.  Compl. at 2.  Plaintiff contends that she was employed by defendant Saratoga Nursing and Rehabilitation Center from June 2018 through April 2019.  Id. at 7.   Plaintiff contends that during her employment she was

4

treated differently, harassed, threatened, and retaliated against due to her race or color. See generally Compl.  She further contends that she was terminated for reporting concerns to the New York State Department of Health.  Id. at 19.   Plaintiff requests an apology letter, "better policies to be put in place to truly protect mandated reporting obligations," "lost wages from the period of 2/26/19-04/08/19," and "punitive damages for retaliation and unwarranted harassment and attempted sabotage."  Id.

Plaintiff's complaint does not set forth separately numbered causes of action as is required by Fed. R. Civ. P. 8, 10.  However, the complaint alleges claims seeking (1) damages for discrimination on the basis of race/color and damages pursuant to Title VII; and (2) pursuant to this Court's supplemental jurisdiction, violations of section 740 of the New York State Labor Law, New York State's whistleblower statute, and section 741, New York State's Heath Care Whistleblower Law.[2]  See generally Compl.

To the extent plaintiff names Danielle Zastawny as a defendant in her Title VII claims, such claim must be dismissed as against Ms. Zastawny as individual supervisors are not subject to liability under Title VII.  See, e.g., Patterson v. County of Oneida, N.Y., 375 F.3d 206, 211 (2d Cir. 2004) (quoting Tomka v. Seiler Corp., 66 F.3d 1296 (2d Cir. 1996), (holding that it is well-established that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII); see also Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir.2003) ("the district court's

---

[2]  It is noted that, although a plaintiff can institute a claim under both the Whistleblower Law and Health Care Whistleblower law,  a health care employee can only recover damages for violation of the New York State Health Care Whistleblower Law or the New York State Whistleblower law, but not for both.  Reddington v. Staten Island Univ. Hosp., 11 N.Y.3d 80 (N.Y. 2008).

5

dismissal of plaintiff's Title VII claims against Gallagher in his personal capacity must be affirmed because under Title VII individual supervisors are not subject to liability."). However, it is recommended that the remainder of plaintiff's complaint proceed.

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's Title VII claim as alleged against defendant Danielle Zastawny be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that the remainder of plaintiff's complaint be permitted to proceed; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, the Clerk of the Court return this case to the Magistrate Judge for service of the complaint and summonses upon defendants.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within **fourteen (14) days** after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  <u>FAILURE TO OBJECT TO THIS REPORT WITHIN **FOURTEEN** DAYS WILL PRECLUDE APPELLATE REVIEW</u>.  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15

(2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[3]

    Dated: September 19, 2019
    Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).