UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHANIE GILMORE,

                                       **Plaintiff,**

vs.                                                 1:19-CV-888
                                                (TJM/CFH)

SARATOGA CENTER FOR CARE, LLC, and
DANIELLE ZASTAWNY,

                                       **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

Plaintiff Stephanie Gilmore, proceeding *pro se*, filed a Complaint in this action on July 23, 2019. See dkt. # 1. She also filed a motion to proceed *in forma pauperis*. See dkt. # 2. Magistrate Judge Christian F. Hummel gave the Complaint an initial review, and on September 19, 2019, recommended that Plaintiff's Title VII claim against the individual Defendant be dismissed with prejudice and the rest of the Complaint against Defendant Saratoga Center for Care, LLC ("Saratoga") be permitted to proceed. See dkt. # 4. The undersigned Judge accepted and adopted Judge Hummel's Report-Recommendation on November 21, 2019. See dkt. # 5. By that order, the Court approved issuance of summons and service of the Complaint on Saratoga.

After several failed attempts at service, Judge Hummel on June 16, 2020 issued a text order permitting the United States Marshals Service to leave the summons and

complaint at Defendant's place of business if no one there would accept service, and to mail a copy as well. See dkt. # 16. The Marshals Service completed service in this way. See dkt. # 18. Defendant did not answer the Complaint, and on January 20, 2021 Plaintiff requested that the Clerk's Office enter a default against Saratoga. See dkt. # 24. The Clerk's Office entered default on January 2,1 2021. See dkt. # 25. Plaintiff filed the instant motion for default judgment on January 25, 2021. See dkt. #27.

Defendant responded to the motion for default judgment, titling the response as a "Motion to Vacate the Entry of Default." See dkt. # 31. Defendant did not follow the procedure required by the local rules for filing a motion,[1] and the Clerk's Office deemed the document a response to Plaintiff's motion for default judgment. Defendant argued that the Court lacked subject matter jurisdiction over the case because Plaintiff had simultaneously filed a complaint with the New York State Division of Human Rights ("NYSDHR") and that proceeding is the exclusive remedy for employment discrimination claims when an injured person chooses that method. Defendant claimed that proceedings had occurred regarding Plaintiff's State claim, and alleged that Plaintiff had stated during a status conference that she intended to pursue her remedies before the NYSDHR and abandon her claims in this court. Defendant also claimed that Saratoga had good cause for failing to answer the Complaint. Defendant claims that Saratoga never received notice of the lawsuit, had difficulty finding an attorney to represent the company in the Northern District of New York, and mistakenly relied on Plaintiff's claims that she intended to abandon litigation in this District. Defendant also claims to possess valid defenses to the

---

[1] See L.R. 7.1.

litigation, both because of a lack of subject matter jurisdiction and because Plaintiff's Complaint fails to state a claim upon which relief could be granted.

The Court will deny Plaintiff's motion for default judgment and vacate the entry of default.  A "court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  That rule does not define "good cause," and the Second Circuit Court of Appeals has therefore "'established three criteria that must be assessed in order to decide whether to relive a party from default or from a default judgment.'"  Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182 (2d Cir. 2015) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)).  A court addressing this issue looks to "'(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'"  Id. (quoting Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013)).

The factors stated above support vacating the default and resolving the case on the merits.  As to the willfulness of the default, the Court finds that Defendant's explanation for the default is partly satisfactory.  Difficulty in finding an attorney who could practice in the Northern District of New York is not an excuse; numerous skilled attorneys practice regularly in this Court, and a business like Defendant's surely has access to both information about attorneys and a phone.  Likewise, Defendant surely played a role in the lack of prompt service.  Judge Hummel had to issue an order permitting alternate service when Defendant refused to accept service by normal means.  At the same time, there does appear to be genuine confusion about Plaintiff's intentions in this matter, and Defendant could reasonably have believed that Plaintiff intended to drop the case.  As to the existence of any meritorious defenses, the Court finds that the status of Plaintiff's

3

NYSDHR action is unclear, and that there may be a defense in that respect. Moreover, this is an employment discrimination matter, and Defendant denies the conduct about which Plaintiff complains. Finally, the Court sees no prejudice from vacating the default. Plaintiff alleges she will be prejudiced because Defendant delayed the process by refusing to accept service. Whatever Defendant's conduct in avoiding service, Plaintiff has not pointed to any evidence that went missing because of the delays in this case or any other reason why vacating the default will cause her difficulty in proving her case. Under those circumstances, the Court will hew to the principle that courts attempt "to resolve cases on the merits whenever possible." Nen Di Wu v. Holder, 646 F.3d 133, 137 (2d Cir. 2011).

Accordingly, Plaintiff's motion for default judgment, dkt. # 27, is hereby DENIED. The Clerk's entry of default, dkt. # 25, is hereby VACATED. Plaintiff's letter motion requesting that Court deny Defendant's request for additional time to respond to the Complaint, dkt. # 32, is hereby DENIED. Defendant is directed to answer or otherwise respond to the Complaint within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

**Dated:** August 9, 2021

Thomas J. McAvoy
Senior, U.S. District Judge