UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHANIE GILMORE,

        **Plaintiff,**

  v.                                                                       1:19-cv-888

SARATOGA CENTER FOR CARE, LLC,

        **Defendant.**
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

## ORDER

Before the Court is Defendant's motion to vacate the default entered by the Clerk in this case where Plaintiff alleges employment discrimination. See dkt. # 49. Plaintiff, proceeding *pro se*, opposes the motion. This is the second time that Defendant has addressed whether an entry of default by the Clerk should be vacated. See dkt. # 31.

This case arises out of Plaintiff's employment with Defendant Saratoga Center for Care, LLC. See Complaint ("Complt."), dkt. # 1. Plaintiff alleges that she worked for the Defendant, which operates a 237-bed nursing facility, as a registered nurse supervisor. Plaintiff alleges discrimination because of her race and retaliation for reporting that discrimination.

Plaintiff filed a motion for leave to proceed *in forma pauperis* with her Complaint. Magistrate Judge Christian F. Hummel gave the Complaint an initial review after Plaintiff filed the motion. See dkt. # 4. Judge Hummel granted the motion to proceed *in forma*

1

*pauperis*. Id. He also recommended that the Court dismiss any Title VII claims against an individual defendant with prejudice and recommended service of the Complaint on Saratoga Center for Care, the remaining Defendant. Id. The Court adopted the Report-Recommendation on November 21, 2019. See dkt. # 5. The Clerk of Court entered default against the Defendant on March 20, 2021. See dkt. # 25. The Defendant responded to Plaintiff's motion for default judgment with a motion to vacate the default. See dkt. # 31. Despite that such a motion was not a proper response to the motion for default judgment, the Court granted Defendant's motion, vacated the entry of default, and permitted Defendant time to respond to the Complaint. See dkt. # 35. Defendant responded by filing a motion to dismiss, contending that Plaintiff had failed to exhaust her administrative remedies. See dkt. # 36.

The Court denied that motion without prejudice to refiling on April 25, 2022. See dkt. # 41. The Court concluded that Plaintiff's reply to Defendant's motion raised issues that precluded finding that she had failed to exhaust her administrative remedies. Noting that Defendant had not filed a reply brief, which could have cleared up such issues, the Court concluded that Defendant should be permitted to file a renewed motion to dismiss. The Court directed Defendant to file any renewed motion within 14 days. If Defendant did not file such a motion within 14 days, the Court directed, Defendant should file an answer within 21 days.

Defendant did not file a renewed motion within 14 days or an answer within 21 days. Judge Hummel scheduled a status conference for June 15, 2022. Neither party appeared. See docket entry for 6/15/22. Judge Hummel rescheduled the conference for July 21, 2022. See dkt. # 43. Only Plaintiff appeared for the conference, and Judge Hummel noted

2

on the record that Defendant appeared to be in default. See minute entry for July 21, 2022.

Plaintiff filed a request for entry of default. See dkt. # 45. The Clerk of Court entered default on July 22, 2022. See dkt. # 48. Defendant filed an answer to the Complaint on August 1, 2022 and a motion to vacate the entry of default on August 4, 2022. Plaintiff filed a motion for default judgment on August 8, 2022. See dkt. # 50. Plaintiff filed a response to the motion to vacate the entry of default. See dkt. # 52. Defendant responded to the motion for default judgment and replied to Plaintiff's response to Defendant's motion to vacate. See dkt. #s 53, 54.

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). That rule does not define "good cause," but the Second Circuit Court of Appeals has "'established three criteria that must be assessed in order to decide whether to relive a party from default or from a default judgment.'" Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182 (2d Cir. 2015) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). A court addressing this issue looks to "'(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" Id. (quoting Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013)).

Defendant's motion to vacate offers an explanation for Defendant's failure to answer or otherwise respond to the Complaint after the Court's initial decision.[1] Defendant relates

---

[1] Defendant's motion to vacate contains Defendant's legal arguments. The Local Rules require a separate memorandum of law. See L.R. 7.1(b). Defendant should follow that practice in the future. In general, the Court prefers that a dispositive motion states what the party asks the Court to do, and that the brief explains why the facts and the law mandate that outcome.

3

that, after Plaintiff filed her response to Defendant's motion to dismiss, the attorney who had represented Defendant left the law firm that still represents the Defendant. See dkt. # 49 at ¶ 6. Due to "a failing of communication" between the former attorney and the law firm, no one filed a substitute entry of appearance for the Defendant. Id. at ¶ 7. Defendant contends hat "[t]his error was due, in part, to on-going issues relating to work-from-home, and other irregularities caused by the COVID-19 Pandemic and responses thereto." Id. Defendant admits that the failing was defense counsel's, but insists that such conduct "was completely unintentional." Id.

Defense counsel contends that counsel did not receive notice of the Court's April 25, 2022 order denying the motion to dismiss with leave to refile or provide an answer. Id. at ¶¶ 8-9. Counsel also did not receive notice of the telephone conference scheduled for June 8, 2022 or the rescheduled conference for July 21, 2022. Id. at ¶¶ 11-13. Counsel only received notice because Judge Hummel's Judicial Assistant reached out to the former attorney the day before the scheduled conference, and the former attorney reached out to present counsel. Id. at ¶ 14. Current counsel contacted Judge Hummel's office with a request to reschedule the conference or permit the conference to take place via telephone. Id. at ¶ 15. Judge Hummel denied those requests. Id. The Clerk of Court then entered the default that Plaintiff requested. Id. at ¶ 16.

Defendant contends that the Court should set aside the entry of default because Plaintiff has failed to exhaust her administrative remedies and the Court therefore lacks subject matter jurisdiction, offering arguments similar to those the Court considered in deciding the motion to dismiss. Id. at ¶¶ 19-25. Defendant also argues that the default was not willful, but instead due to a lack of communication between various counsel during "a

4

time of transition and great social upheaval." Id. at ¶ 31.  Those problems have now been solved, and new counsel for the Defendant should be able to handle the matter without further delay.  Moreover, delays in this matter have not prejudiced Plaintiff, and Defendant's have a meritorious defense, both in terms of Plaintiff's failure to exhaust administrative remedies and on the facts alleged in the Complaint.

Plaintiff responds by emphasizing that Defendant has ignored orders to appear for conferences, failed to answer the Complaint when directed by the Court, and has had default entered twice in this matter.  See dkt. # 52.  She explains:

> To date, plaintiff has obliged every court ruling and demand.  Plaintiff has followed all administrative rules pertaining to the right to sue and the Division of Human Rights findings of probable cause.  It will be very prejudicial to my claim for the courts to vacate Entry of default.  Defendant's lawyers are legal representatives and are fully aware of the court's rules and time frames.  Defendant ignored this claim, and showed no respect for the courts.  Vacating the entry of default will afford defendant an unfair and unjust advantage.  I ask the court to maintain the Entry of default and grant Plaintiff a Default judgment to satisfy this claim.

The Court agrees with part of Plaintiff's argument here: Defendant has not been diligent in this matter.  The Court finds unpersuasive defense counsel's position that failing to answer or otherwise respond to the Complaint when directed by the Court can be excused by a change of counsel or the disruptions caused by the COVID-19 pandemic.  Counsel does not claim that professional and administrative staff disappeared from the firm when the former attorney left, or that the former attorney absconded with files, leaving present counsel at a loss about the status of the case.  Counsel does not claim that the attorney disappeared and could not be contacted.  Judge Hummel's office found him.  Proper professional conduct under the circumstances required that the lawyer ending his representation provide all relevant documents to the attorney taking over representation.

5

That new attorney also had an obligation to become aware of all relevant facts and deadlines in the matter, and to inform the Court immediately of the change in representation. Counsel should have also made sure to make the Court aware of where to send notices in the case. The Court expects attorneys who appear in the United States District Court for the Northern District of New York to conduct themselves as professionals, protecting the interests of their clients. The Court expects that defense counsel will behave in that manner going forward.

Despite this lapse in conduct, the Court will grant the Defendant's motion and vacate the entry of default. In considering the first of the three factors cited above, the Court, while critical of Defendant's conduct, finds that the default was not willful. In the Second Circuit, "'willfulness,' in the context of a default [refers] to conduct that is more than merely negligent or careless." SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). The Court finds that the conduct that led to the default was careless but (barely) adequately explained, and not willful within the meaning of the law in this Circuit. In terms of the second factor, the Court finds that Defendant has pointed to a meritorious defense. To satisfy this factor, the Defendant "must present some evidence beyond conclusory denials to support" the "defense," and the Court considers "not whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Co. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). The Court has already considered Defendant's exhaustion defense and found some merit to it, and such a defense, if proved, would end the case in Defendant's favor. The Court also finds no undue prejudice to the Plaintiff from setting aside the default. Plaintiff does not allege that any witnesses or materials necessary to the case have disappeared during the delays caused

by Defendant's conduct.  This case is at an early stage in the litigation, and nothing indicates that Defendant's delays have deprived Plaintiff of the ability to prove her case.

Because the factors favor reopening the matter and because the general rule is that courts should have "'a strong preference for resolving disputes on the merits,'" the Court will vacate the entry of default and direct Defendant to answer or otherwise respond to the Complaint within fourteen days of the date of this order.  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). A failure of the Defendant to meet this deadline may cause the Court to reimpose default without further order.

As such,

Defendant's motion to vacate the entry of default, dkt. # 49, is hereby GRANTED. The Clerk of Court is directed to vacate the entry of default, dk # 46.  Plaintiff's motion for default judgment, dkt. # 50, is hereby DENIED as moot.

Dated: December 15, 2022

Thomas J. McAvoy
Senior, U.S. District Judge